## LOVETT, Assignee, *versus* CUTLER.

In an action by the assignee of a bankrupt against the sheriff, the assignee must prove the debt of the petitioning creditor.

THIS was an action of *trover* brought by *Whipple Lovett*, as assignee of *Thomas Rice*, bankrupt, against the defendant, *Robert Cutler*, a *deputy-sheriff*, for divers goods specified in the declaration.

*F. Blake*, for the plaintiff, stated that on the 15*th April*, 1803, *Rice*, who at that time was, and for a considerable time previous thereto had been, a *trader* in *Brookfield*, in this county, absconded, and went into the *state of Rhode Island*, which *Blake* said was in itself an act of bankruptcy; on the 16th day of the same month, the defendant, having in his hands sixteen writs against *Rice*, attached on those writs the goods for which the present action is brought; that on the 19th day of the same month, a commission of bankruptcy, under the statute of the *United States*, issued against *Rice* in the state of *Rhode Island*; that under that commission, an act of bankruptcy was proved to have been committed in *that* state by *Rice*, on the day preceding the issuing of the commission; that on the 23d day of June following, the bankrupt's property was assigned to the plaintiff, who afterwards demanded the goods of the defendant, and upon his refusal to deliver them up to the plaintiff, he commenced this action on the 8*th day of July* * follow-  [ * 68 ] ing; and that afterwards, in December, 1803, judgments having been rendered in the several suits aforesaid against *Rice*, the defendant, by virtue of the several executions which had issued on those judgments, sold the goods.

The Court called upon *Blake* to prove the debt of the petitioning creditor. He contended that the statute of the *United States* has rendered this proof unnecessary where an assignee was prosecuting an action for the recovery of the bankrupt's property; for which he relied on the 52*d sect. of the act;* which he insisted extended to all *demands* for which the bankrupt himself might have brought an action.

But the Court (*Dana,* C. J., *Strong, Sedgwick*, and *Thacher*, justices,) said that the section of the act referred to, by no means supported the position contended for by the counsel for the plaintiff. The words are " that in all cases where the assignees shall prosecute any debtor of the bankrupt for any debt, duty, or demand, the commission, or a certified copy thereof, and the assignment of the commissioners of the bankrupt's estate, shall be conclusive evidence

51

of the issuing the commission, and of the person named therein being a trader and bankrupt, at the time mentioned therein;" which reaches only those cases where the assignee prosecutes the *debtors* of the bankrupt. In the case before the Court, the defendant is not prosecuted as the debtor of the bankrupt, and, therefore, the plaintiff must prove the debt of the petitioning creditor, in the same manner as if such creditor had brought his action against the bankrupt for recovering the demand.

The plaintiff, not being prepared with such proof, consented to have a verdict against him.

[ * 69 ]